UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-CV-11492-RGS

KATHLEEN MURPHY

v.

BMP THREE LTD.

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS PURSUANT TO THE
DOCTRINE OF *FORUM NON CONVENIENS*

April 11, 2011

STEARNS, D.J.

BACKGROUND

On August 13, 2007, plaintiff Kathleen Murphy, a resident of Massachusetts, filed this Complaint grounded on diversity jurisdiction in the District of Massachusetts. The action arises from a slip and fall at the Wyndham Nassau Resort & Crystal Palace Casino in Nassau, Bahamas, a hotel operated under a Wyndham franchise by a Bahamas-based corporation, defendant BMP Three Ltd. (BMP).

The facts alleged are these. Sometime in the early morning of February 8, 2006, Murphy, then a guest at the hotel, slipped and fell in a puddle of water that had collected in or near a stairwell in the bathroom area of the hotel's sports complex.

Murphy suffered serious injuries.[1]  She claims there was no sign to alert her to the puddle, nor were handrails installed in the stairwell.  In her two-count Complaint, Murphy alleges negligence (Count I), and failure to warn (Count II).  On March 8, 2011, BMP filed a motion to dismiss based on *forum non conveniens*, agreeing to waive any statute of limitations defense to the refiling of the lawsuit in the Bahamas.

DISCUSSION

There is a strong presumption favoring the "home" forum selected by a U.S. citizen plaintiff in a case brought against a foreign defendant.  *Mercier v. Sheraton Int'l, Inc.*, 981 F.2d 1345, 1355 (1st Cir. 1992).  As a consequence, unlike a motion to dismiss for lack of personal jurisdiction where the plaintiff bears the burden of proving jurisdiction, when moving to dismiss for *forum non conveniens*, a foreign defendant bears a "heavy" burden of showing that considerations of convenience and judicial efficiency "strongly favor" dismissal.  *Adelson v. Hananel*, 510 F.3d 43, 52 (1st Cir. 2007).  *See also Howe v. Goldcorp Investments, Ltd.*, 946 F.2d 944, 951 (1st Cir. 1991).

In deciding the motion, a court looks in the first instance to the availability and

---

[1] A report completed by the hotel's security department states that the accident occurred at around 3:05 a.m.  According to the report, Murphy refused medical assistance, but was taken to her room by wheelchair.  The report describes Murphy as "a lady lying on the floor who appeared to be intoxicated, because every time she tried to get up she kept falling."

adequacy of an alternative forum. *See Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 13 (1st Cir. 2000). Although Murphy maintains that BMP has not shown that she would be entitled to as full a redress under Bahamian law as she could expect in a Massachusetts state court, the argument seems somewhat beside the point as it would seem likely that Bahamian law would apply regardless of the forum in which the case is to be tried. *See Bushkin Assocs., Inc. v. Raytheon Co.*, 393 Mass. 622, 631-632 (1985) (adopting the "functional" approach of *Restatement (Second) Conflict of Laws*).

Assuming the existence of an adequate alternative forum, the defendant still "must show that the compendium of factors relevant to the private and public interests implicated by the case strongly favors dismissal." *Irragori*, 203 F.3d at 12. Private interest factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; [and the] possibility of a view of the premises, if view would be appropriate to the action." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

Murphy resides in Massachusetts, as do her five treating physicians. BMP maintains that "most of the pertinent evidence and witnesses," including (not unexpectedly) all of the defense witnesses, and "evidence of the site of the alleged accident" are in the Bahamas. *See* Def.'s Mem. at 3; Affidavit of Vann Gaitor ¶6. Murphy quite accurately notes that only two material trial witnesses live in the

Bahamas. Both are employees of BMP and can be deposed prior to trial. Pl.'s Br. at 4. On the flip side of the coin, it is far more likely that BMP can overcome the hardships imposed by the lack of compulsory process than can Murphy. Nor does Murphy believe that a viewing of the situs of the accident is indispensable (she is willing to rely on photographs instead).[2]

The court must also weigh the public interest factors, including any burdening of the court's docket, access to the forum by interested citizens, the trier's relative familiarity with the appropriate rules of decision, the burdens of jury duty, and the goal of "having local controversies decided at home." *See Irragori*, 203 F.3d at 12, quoting *Gilbert*, 330 U.S. at 508-509. The only one of these considerations that would appear to have any heft is the last and it favors trial of the case in Massachusetts. Because the plaintiff's choice should rarely be disturbed unless the balance of factors strongly favors the defendant, *see id.* at 508, BMP's motion will be denied.

### ORDER

For the foregoing reasons, Defendant's Motion to Dismiss Pursuant to the Doctrine of *Forum Non Conveniens* is <u>DENIED</u>.

SO ORDERED.

---

[2] In the court's experience, views are almost never taken in U.S. civil trials in any event (although the Bahamian courts may follow a different practice).

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE